MURDOCK, Justice
(concurring in the result in part and dissenting in part).
With respect to discovery request # 4, the main opinion quotes Ex parte State Farm & Casualty Co., 794 So.2d 368, 376 (Ala.2001), for the following principle:
“ ‘The question whether a party has implicitly waived the attorney-client privilege “turns on whether the actual content of the attorney-client communication has been placed in issue [in such a way] that the information is actually required for the truthful resolution of the issues raised in the controversy.” See Mortgage Guarantee & Title Co. v. Cunha, 745 A.2d [156], 160 [(R.I.2000) ].’ ”
990 So.2d at 363. In the present case, as the main opinion also notes, Nationwide’s asserted affirmative defense of “advice of counsel” has been stricken and therefore is no longer in issue.[4] I therefore am unwilling to agree with the statement in the main opinion that “[i]n this case, Alan Mortgage is entitled to discover the communications and documents created before Nationwide denied coverage ....” 990 So.2d at 364.
In addition, I am unwilling to join in the quoted statement because, in this case, those documents that fall within the discovery request and that were created before the denial of coverage by Nationwide already have been produced. The result reached by the main opinion is to grant Nationwide’s request for a writ of mandamus directing the trial court to vacate the portion of its order compelling production by Nationwide of privileged communications and documents created on or after the date of the denial of coverage, and to order those communications and documents protected from discovery. I concur in that result. I do not find the view expressed in the main opinion as to the discoverability of communications and documents created before the denial of coverage to be necessary to reach that result.
Respectfully, however, I am compelled to dissent as to the main opinion’s disposition of the petition as it relates to discovery request #3. Discovery request #3 seeks “[a]ll documentation or electronic information regarding the relationship between [Nationwide] and the law firm of Clement, Hare and Duck, P.C. [sic], including but not limited to, all contracts, *366 agreements, lists of ease assignments and requests for coverage opinions, and information regarding the amounts paid in compensation to said law firm” throughout a period of five years beginning with the year 2000 and ending with the calendar year in which the events at issue in this particular lawsuit occurred. 990 So.2d at 359. As noted, the defense of “advice of counsel” is not in issue in this case. In my view, discovery request # 3 squarely falls within both exception (a) and exception (b) identified in Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003).

. Further, the main opinion cites Ex parte Great American Surplus Lines Insurance Co., 540 So.2d 1357 (Ala.1989), for the proposition that “an insurer's response that it relied on the advice of counsel in making its decision to deny coverage [is] insufficient to evidence an intent to waive the attorney-client privilege.” 990 So.2d at 364.